IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFF BAILEY, BILL W. KING, JR., ) <br> and PLUMBERS and STEAMFITTERS ) <br> UNION NO. 43 PENSION PLAN ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KATHY R. ESLINGER, TONYA R. ) <br> ESLINGER, APRIL ESLINGER ) <br> CHAPMAN, BRANDON K. ESLINGER ) <br> and TONYA R. ESLINGER as ) <br> PERSONAL REPRESENTATIVE OF ) <br> THE ESTATE OF CRAIG KENT ) <br> ESLINGER ) <br>     Defendants. ) | Civil Action No. 3:22-cv-0826 <br> Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

Plaintiffs, Steamfitters Union No. 43 Pension Plan ("the Plan") and trustees of the Plan, Jeff Bailey and Bill W. King, Jr., filed this interpleader action under Federal Rules of Civil Procedure 22 and 57 to determine the appropriate recipient of death benefits of plan participant Craig Kent Eslinger ("Mr. Eslinger") subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Docket No. 1, p. 1. Plaintiffs also requested an award of attorney's fees from the deemed beneficiary. *Id.* at 5. The Defendants are Mr. Eslinger's ex-wife Kathy R. Eslinger, Mr. Eslinger's three adult children—Tonya R. Eslinger (in her individual capacity), April Eslinger Chapman, and Brandon K. Eslinger—and Tonya R. Eslinger as personal representative of the Estate of Craig Eslinger.

This matter is before the Court on Tonya Eslinger's motion for judgment on the record, filed with a supporting memorandum. Docket Nos. 21, 22. The motion seeks an order (1) awarding the death benefit to Tonya Eslinger as personal representative of the Estate of Craig Eslinger, (2)

for the Plan to pay Tonya Eslinger's attorney's fees, and (3) denial of the Plan's requested attorney's fees against the deemed beneficiary. Docket Nos. 1, 21, 22. The Plan has filed a response in partial opposition on the issue of attorney's fees but does not oppose the substantive merits of Tonya Eslinger's death benefit claim. Docket No. 24, p. 5. Tonya Eslinger has filed a reply brief and a stipulation signed by Kathy R. Eslinger agreeing that the death benefit should be paid to Tonya Eslinger as personal representative of the Estate of Craig Eslinger. Docket Nos. 25, 26. Co-Defendants April Eslinger Chapman, Brandon K. Eslinger, and Tonya R. Eslinger in her individual capacity have not opposed Tonya Eslinger's motion for judgment on the administrative record.

For the reasons set forth below, the undersigned recommends that Tonya Eslinger's motion be **GRANTED** and the Parties' requests for attorney's fees be **DENIED**.

## I. BACKGROUND

As a participant in the Plan, Craig Eslinger designated his then-wife, Defendant Kathy Eslinger, as his primary beneficiary on his "Beneficiary Designation of Death Benefits Form" ("the Beneficiary Form"), signed June 2, 2001. Docket No. 22, pp. 2-3. Mr. Eslinger also designated Betty Jo Eslinger, his mother, as secondary beneficiary. *Id.* Mr. Eslinger and Kathy Eslinger divorced in 2005, and Mr. Eslinger did not remarry or update his Beneficiary Form prior to his death on September 20, 2021. *Id.* The divorce decree did not mention Mr. Eslinger's pension benefits and does not constitute a qualified domestic relations order for purposes of preempting ERISA law. *See* 29 U.S.C. § 1056(d)(3)(B)–(E); Docket No. 24, p. 6. Additionally, Betty Jo Eslinger predeceased Mr. Eslinger. *Id.*

The Plan, governed by ERISA, provides for a benefit in the event of a participant's death at Article VIII, Section 7:

> Each Participant shall be given the opportunity to designate his Beneficiary for any benefits payable after his death and shall have the right to change such designation

at any time prior to his actual retirement or termination of Covered Employment.

In the event benefits become payable upon the death of a Participant and no beneficiary has been properly designated, such benefits shall become payable to the personal representative of such deceased Participant if such personal representative of the Participant qualified within six (6) months following the death of such Participant and furnishes satisfactory legal evidence with such six (6) month period to the Trustees of such qualification. Otherwise, any benefit payable with respect to such deceased Participant shall be paid in order of the following succession:

(a) Widow or widower, if none, then to

(b) Guardian of minor child or children for the benefit of said child or children, equally, if none, then to

(c) Adult child or children, equally, if none, then to

(d) Parent or parents, equally, if none, then to

(e) The estate of the deceased Participant.

Docket 18-3, p. 76.

On November 2, 2021, Tonya Eslinger applied for the death benefit in her individual capacity. Docket No. 18-1, pp. 3–5. The Plan Administrator denied Tonya's application in a letter dated December 1, 2021, and provided the option to reapply for the death benefit with her siblings, as the surviving children of Mr. Eslinger, and Kathy Eslinger, as the ex-wife of Mr. Eslinger, for a final determination of which beneficiary should receive payment. Docket No. 18-1, p. 11. The letter also advised Tonya of her right to appeal, noting appeal deadlines were currently suspended due to the COVID-19 national state of emergency, and advised her to refer to the Summary Plan Description ("SPD") or contact the fund office. *Id.* at 11–12. The letter did not include the SPD, nor did Tonya request a copy of the SPD be provided to her. *Id.* Tonya Eslinger does not appear to have taken any further action in her individual capacity, instead acting as executor of the Estate of Craig Eslinger.

On December 13, 2021, Kathy R. Eslinger applied for the death benefit of Mr. Eslinger in

3

her individual capacity as ex-wife. Docket No. 18-1, pp. 13–19. Kathy Eslinger's application was denied in a letter from the Plan Administrator on February 21, 2022. Docket No. 18-1, pp. 22–23. The letter identified Kathy Eslinger's remaining options as reapplying for benefits with the three children or appealing the denial decision. *Id.*

Tonya Eslinger, in her capacity as executor of the Estate of Craig Eslinger, contacted the Plan Administrator through her attorney, Mr. Huisman, on January 17, 2022, requesting the status of the death benefit. Docket No. 18-1, p. 21. The Plan Administrator responded on January 19, stating: "I have been in touch with the fund attorney regarding you[r] request for the status and situation of Mr. Eslinger's death benefit. They will be in touch with both of us soon. If you have any questions in the meantime, please let me know." *Id.* But, the fund attorney did not contact Tonya Eslinger or Mr. Huisman.

On June 20, 2022, the Chancery Court for Hamilton County, Tennessee, Probate Division entered an Order to Probate in Solemn Form designating Tonya Eslinger as the Executor of the Estate of Craig Eslinger. Docket No. 18-1, pp. 25–29. On June 30, 2022, Mr. Huisman again contacted the Plan Administrator, identifying Tonya as Executor, and requested further instructions on how to collect the death benefit. Docket No. 18-1, p. 24. Mr. Huisman attached the Letters Testamentary and probate order to his email. *Id.*

Between June 30, 2022, and August 18, 2022, a conversation occurred between Mr. Huisman and R. Jan Jennings (the Plan fund attorney). Docket No. 18-1, p. 30. On August 18, 2022, Mr. Jennings provided the SPD, denial letter of Tonya Eslinger's individual application for death benefits, and a blank application form. Docket No. 18-1, pp. 30–95. The record does not show Mr. Jennings instructing Tonya Eslinger to submit an application for death benefits as the personal representative of the Estate of Craig Eslinger. *Id.* Mr. Huisman responded on September

9, 2022, requesting copies of Mr. Eslinger's status, eligibility, and beneficiary designation forms at time of death. Docket No. 18-1, p. 96. Mr. Huisman also requested the legal basis for refusing to acknowledge Tonya Eslinger's claim to the death benefit as personal representative of the Estate of Craig Eslinger if no effective beneficiary had been designated. *Id.*

Mr. Jennings responded for the Plan on September 14, 2022, stating that Mr. Eslinger left no properly designated beneficiary. Docket No. 18-1 pp. 97–98. Pursuant to Article VIII, Section 7 of the Plan, "the death benefit is payable in order of succession to (a) the widow, (b) minor children equally, (c) adult children equally, (d) parents equally and if none, then (e) to the participant's estate." *Id.* Mr. Jennings concluded that based on the order of succession, upon joint application by the adult children, equal payment to them would be appropriate. *Id.* Mr. Jennings did not address the "personal representative" language in Article VIII, Section 7 or Tonya Eslinger's claim as personal representative. *Id.*

Mr. Huisman responded on September 15, 2022, again pointing to the "personal representative" language in the SPD and asserting that Tonya Eslinger's claim as personal representative of the Estate of Craig Eslinger would supersede the joint claims of the adult children. Docket No. 18-1, p. 99. Mr. Huisman acknowledged the six-month time frame for qualifying as personal representative but argued it was inapplicable under Tennessee inheritance law. *Id.* Mr. Huisman also requested confirmation of the language in the SPD compared to the plan documents, and any reasoning for denying payment to Tonya Eslinger. *Id.* Mr. Jennings responded on September 15, 2022, confirming that the language in the SPD and plan documents matched, and disputed that as an ERISA fund, federal law applied instead of Tennessee inheritance law. Docket No. 18-1, p. 100. No response to Tonya Eslinger's claim was provided. *Id.*

Mr. Huisman next sent an email memorandum to Mr. Jennings on October 3, 2022, again

5

raising the issue of Tonya Eslinger's claim to the death benefit as personal representative of the Estate of Craig Eslinger in the absence of properly designated beneficiaries. Docket No. 18-2, pp. 1–3. The memorandum ended with a demand for the death benefit to be paid to Tonya Eslinger as personal representative. *Id.* Mr. Jennings, on behalf of the Plan, responded on October 14, 2022, notifying Mr. Huisman of the commencement of the current interpleader action to resolve competing claims to Mr. Eslinger's pension death benefits. Docket No. 18-2, pp. 4–9.

Thereafter, April Eslinger Chapman and Brandon Eslinger each submitted an application for death benefits in their individual capacities in November 2022. Docket No. 18-2, pp. 10–15. Tonya Eslinger submitted an application as personal representative of the Estate of Craig Eslinger on December 29, 2022. Docket No. 18-4, pp. 55–56.

## II. LAW AND ANALYSIS

### A. ERISA's Claims Procedure

ERISA has six remedial provisions. The remedial provision relevant to this action under ERISA § 502(a)(3) states:

> **(a) Persons empowered to bring a civil action.** A civil action may be brought –
>
> . . .
>
> **(3)** by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan . . . .

29 U.S.C. § 1132(a).[1]

---

[1] The usual citation convention for citing to ERISA among practitioners and the Department of Labor is to cite to the Act itself (*e.g.*, ERISA § 502). Courts generally cite to the corresponding section of the United States Code. (*e.g.*, 29 U.S.C. § 1132). Regrettably, the section numbers of ERISA and 29 U.S.C. do not correspond. For example, ERISA § 510 and 29 U.S.C. 1140 are the same provision. In this Report and Recommendation, the Court has provided parallel citations wherever practicable.

Interpleader allows joinder, as defendants, of persons with claims that may create multiple liabilities for the plaintiff. *See* Fed. R. Civ. P. 22(a). The Sixth Circuit has repeatedly affirmed the use of interpleader actions under Fed. R. Civ. P. 22 to obtain appropriate equitable relief where there are competing claims to an ERISA benefit. *See Humana Ins. Co. v. O'Neal*, 727 F. App'x 151, 155 (6th Cir. 2018); *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997).

In this case, interpleader is appropriate: when the action was initiated, applications for the death benefits of Mr. Eslinger had been submitted to the Plan by Tonya Eslinger in her individual capacity and Kathy R. Eslinger in her capacity as ex-wife. Docket Nos. 18-1, pp. 3–4, 13–14. While both applications were denied, both Tonya Eslinger and Kathy Eslinger had the opportunity to reapply or to appeal. Docket No. 18-1, pp. 11–12, 22–23. Additionally, payment of the death benefit was demanded by Tonya Eslinger as personal representative of the Estate of Craig Eslinger even though an application for benefits had not been submitted to or requested by the Plan. Docket No. 18-2, p. 3.

### B. Tonya Eslinger's Personal Representative Death Benefit Claim

ERISA "supplies the rule of law" for making the determination of a proper beneficiary. *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 129–30 (6th Cir. 1996). The Sixth Circuit has read 29 U.S.C. § 1104(a)(1)(D) to lay down a "clear mandate" that an ERISA plan administrator must pay benefits "in accordance with the documents and instruments governing the plan." *Marsh*, 119 F.3d at 420. Any question regarding the proper beneficiary of a pension plan is settled according to the plan documents, if the documents provide "a workable means" of settling the dispute. *Id.*

The plan language clearly indicates that in the absence of a properly designated beneficiary, benefits are payable to the personal representative of the deceased Participant if qualified within six months of the Participant's death before considering further succession beneficiary interests.

7

Case 3:22-cv-00826    Document 27    Filed 11/01/23    Page 7 of 16 PageID #: 505

Docket No. 18-3, p. 76. The Plan leaves qualification of a personal representative to the sole discretionary satisfaction of the Trustees based on "legal evidence." *Id.* at pp. 74, 76.

On June 30, 2022, Tonya Eslinger, through her attorney Mr. Huisman, contacted the Plan as the personal representative of the Estate of Craig Eslinger and provided supporting documentation of her qualification in the form of Letters Testamentary and associated Probate Order. Docket No. 18-1, pp. 24–29. The Plan did not confirm or deny Tonya Eslinger's qualification as the personal representative or provide further instruction. Docket No. 18-1, p. 30. No party to this action challenges the validity or sufficiency of Tonya Eslinger's evidence supporting her designation as personal representative. Therefore, this Court finds that the supporting documentation of Letters Testamentary and the corresponding Probate Order are sufficient "legal evidence" for Tonya Eslinger to qualify as the personal representative for the Estate of Craig Eslinger.

Regarding the plan requirement that a personal representative of the deceased Participant must qualify within six months of the Participant's death, Tonya Eslinger's attempted qualification occurred on June 30, 2022, more than nine months after Craig Eslinger's death on September 20, 2021. Docket No. 18-1, pp. 5, 24. Tonya Eslinger contends that the six-month requirement was suspended by the Extension of Certain Timeframes for Employee Benefit Plans, Participants, and Beneficiaries Affected by the COVID-19 Outbreak, 85 Fed. Reg. 26351-01 (May 4, 2020) (to be codified at 29 C.F.R. § 2560). As a result of the National Emergency, the Employee Benefits Security Administration extended timeframes for "individuals to file a benefit claim under the plan's claim procedures" until sixty days after the end of the National Emergency. *Id.* The extensions were enacted pursuant to ERISA § 518 to prescribe a period to disregard "the date by which *any action is required* or permitted to be completed." 29 U.S.C. § 1148 (emphasis added).

8

Therefore, this Court finds that the Plan's prescribed six-month period for Tonya Eslinger to qualify as a personal representative was suspended, and Tonya Eslinger is the properly qualified personal representative of the Estate of Craig Eslinger.

Pursuant to the Plan's language and in the absence of any objection from other possible claimants, this Court recommends that Tonya Eslinger's motion for an order awarding Mr. Eslinger's death benefit to Tonya Eslinger as personal representative of the Estate of Craig Eslinger be **GRANTED**.

### C. Tonya Eslinger's Request for Attorney's Fees

ERISA § 502 provides: "[i]n any section under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Courts evaluate whether attorney's fees should be awarded based on a two-part test. First, the Supreme Court has clarified that a fee claimant need not be a "prevailing party" to be eligible for attorney's fees under ERISA's fee-shifting statute. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010). Rather, eligibility for attorney's fees merely requires that the claimant achieve "some degree of success on the merits." *Id.* Second, courts in the Sixth Circuit consider five factors for the appropriateness of awarding fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Lab. v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

"[W]hile the five-factor *King* test is not required; it still has vitality in helping courts determine whether or not to award fees to a party that achieves some degree of success on the merits." *Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 437 (6th Cir. 2013). "The

*King* factors are not statutory, and so should be looked at holistically with no one factor 'necessarily dispositive.'" *Warner v. DSM Pharma Chems. N. Am., Inc.*, 452 F. App'x 677, 681 (6th Cir. 2011) (quoting *Foltice v. Guardsman Prods., Inc.*, 98 F. 3d 933, 937 (6th Cir. 1996)). The Sixth Circuit also rejects a presumption of an award of attorney's fees. *See Foltice*, 98 F. 3d at 936.

1. **Success on the Merits**

As a threshold question, the Court must first address whether Tonya Eslinger has achieved "some degree of success on the merits." *Hardt*, 560 U.S. at 254. Since the Court recommends judgment in Tonya Eslinger's favor, the threshold inquiry of "some degree of success on the merits" is clearly satisfied. *Id.*

2. ***King* Factors**

   i. **Degree of opposing party's bad faith or culpability**

Under the first *King* factor, the Court must determine "the degree of the opposing party's bad faith or culpability." 775 F. 2d at 669. Bad faith has been defined by the Sixth Circuit as "arbitrary, reckless, indifferent, or intentional disregard of the interests of the person owed a duty." *Benkert v. Med. Protective Co.*, 842 F. 2d 144, 149 (6th Cir. 1988). A plan administrator's failure to consider the correct policy has "amounted to arbitrary and capricious conduct that rose to the level of culpability required for a fee award." *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546 (6th Cir. 2011). Culpability includes plan administrator conduct like "inadequate review of a beneficiary's claim or other[] acts improperly denying benefits." *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F. 3d 355, 377 (6th Cir. 2009) (erroneous interpretation of terms in a plan document was not the equivalent of inadequate review of a beneficiary's claim).

The Plan never formally reviewed the application of Tonya Eslinger, as personal

representative of the Estate of Craig Eslinger, because it was not submitted until December 2022, two months after the initiation of this action. Docket No. 18-4, pp. 55–56; Docket No. 18-2, pp. 4–9. But, Tonya Eslinger, through her attorney Mr. Huisman, contacted the Plan on January 17, 2022, seeking information about the death benefit. Docket No. 18-1, p. 21. The Plan responded two days later that the fund attorney "will be in touch with both of us soon." *Id.* The fund attorney did not contact Tonya Eslinger or Mr. Huisman. On June 30, 2022, Mr. Huisman again contacted the Plan and requested instructions on how to collect the death benefit. Docket No. 18-1, p. 24. The Plan responded by providing the SPD and a blank application form. Docket No. 18-1, p. 30.

Additionally, Mr. Jennings, on behalf of the Plan, responded by identifying the succession of beneficiaries in the absence of a properly designated beneficiary but omitted the "personal representative" language. Docket No. 18-1, pp. 97–98. Despite requests by Mr. Huisman identifying the personal representative language in Article VIII, Section 7 of the SPD on September 9, 2022, and September 15, 2022, asking for a response or resolution of Tonya Eslinger's claim, the Plan provided no denial or further instruction before commencing the interpleader action.

ERISA states "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). Though Ms. Eslinger's counsel had numerous communications with counsel for the Plan including regarding Ms. Eslinger's status as personal representative of the estate, it is undisputed that no application was filed on her behalf in that capacity until after the interpleader action was filed in this Court. The reason for that delay is unclear to the Court. It is possible that Mr. Huisman may have believed his representations were sufficient. Nonetheless, at the time the interpleader action was filed, notwithstanding those representations, no application had been filed in that capacity. Further,

although there were special circumstances related to the pandemic and consideration to be given for an untimely application, there had also been two other applications filed and the Plan was aware of other potential claimants who might choose to challenge the distribution. While the Court believes this matter could have been addressed without the necessity of the interpleader action, the undersigned cannot find that proceeding with the action constitutes bad faith in light of the above-described circumstances. Therefore, the first *King* factor does not favor awarding attorney's fees to Ms. Eslinger.

### ii.  Opposing party's ability to satisfy an award of attorney's fees

Under the second *King* factor, the Court must determine "the opposing party's ability to satisfy an award of attorney's fees." 775 F. 2d at 669. No information has been provided regarding the Plan's ability or inability to satisfy an award of attorney's fees. This factor does not weigh in either party's favor.

### iii.  Deterrent effect of an award on other persons under similar circumstances

Under the third *King* factor, the Court must evaluate "the deterrent effect of an award on other persons under similar circumstances." 775 F. 2d at 669. The Sixth Circuit has taken the common-sense view that honest mistakes happen and "fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Foltice*, 98 F. 3d at 937.

The Plan's failure to follow up on Mr. Huisman's January 19 inquiry and the omission of the personal representative language in Mr. Jenning's September 14 memo explaining the succession of beneficiaries may have been honest mistakes. Docket No. 18-1, pp. 97–98. The Plan has no interest in not dispersing the funds. The Plan's only interest and concern is dispersing the funds in an appropriate manner as required by the plan itself. Because the application for disbursement to Ms. Eslinger as the personal representative was not filed until after the

interpleader, the Court cannot determine what response or reaction the Plan would have had if an application had been made earlier in the process. Because the Court cannot find the Plan acted in bad faith, the deterrent effect of an award in these circumstances while perhaps encouraging greater diligence would be of limited utility. Therefore, the third *King* factor is neutral or slightly against awarding attorney's fees to Tonya Eslinger.

      **iv.    Common benefit for plan participants and beneficiaries or significant legal question regarding ERISA**

Under the fourth *King* factor, the Court must evaluate "whether the party requesting fees *sought* to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA." 775 F. 2d at 669 (emphasis added). Tonya Eslinger seeks to confer only a benefit on herself as personal representative of the Estate of Craig Eslinger, instead of all participants in the Plan. Even if other participants or beneficiaries benefit from the deterrence of similar actions by plan administrators, Tonya Eslinger does not seek to confer such a benefit, and incidental benefits do not satisfy the *King* test. *See Gaeth v. Hartford Life Ins. Co.*, 538 F. 3d 524, 533 (6th Cir. 2008). Additionally, there is no significant legal question regarding ERISA in this case. Therefore, the fourth *King* factor weighs against the awarding of attorney's fees to Tonya Eslinger.

      **v.    Relative merits of the parties' positions**

Under the fifth and final *King* factor, the Court must evaluate "the relative merits of the parties' positions." 775 F. 2d at 669. The Plan filed an interpleader action for this Court to determine and declare the rights of multiple possible claimants to the death benefits of Mr. Eslinger. Docket No. 1. Tonya Eslinger's position is that the filing of the interpleader action was unnecessary as the personal representative language in Article VIII, Section 7 of the plan documents precluded the determination of succession of potential beneficiaries. Docket No. 25,

pp. 1–2. The Plan's position is not without merit, as there may have been exposure to multiple liabilities through a challenge of the six-month qualification period of the personal representative by a succession beneficiary. Tonya Eslinger's position appears to have more merit than the Plan's position because no defendant has opposed her claim to the death benefit as personal representative of the Estate of Craig Eslinger, and Kathy Eslinger has supported the claim. However, this conclusion is only true in hindsight. At the time the interpleader action was filed, this degree of clarity was not evident. Thus, the fifth *King* factor is neutral at best or weighs against the request for fees.

In sum, the Court finds that the five *King* factors do not support an award of attorney's fees to Ms. Eslinger as personal representative of the estate and the undersigned recommends that the request for fees be **DENIED**.

D.     **The Plan's Request for Attorney's Fees**

ERISA § 502 provides: "[i]n any section under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Generally, a disinterested plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorney's fees. *See UNUM Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 793 (M.D. Tenn. 2001). The interpleading party is entitled to recover costs and attorney's fees when it is "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005). The only limiting principle is reasonableness, and the Court has discretion in determining what award is appropriate. *Id.*

The Plan is a disinterested stakeholder, not expressing an opinion on the merits of

defendant claimants. Docket No. 24, p. 5. The Plan has also conceded liability and is prepared to pay the proper amount to the defendant designated by the Court. Docket No. 1, p. 4. But, the Plan has not deposited plan funds to the Court or sought discharge from liability to satisfy the *Holmes* test. Also, the mere existence of conflicting claims that arise during the normal course of business has been held inadequate justification for the awarding of attorney's fees to an interpleading plaintiff. *See Kelling*, 170 F. Supp. 2d at 794. The Plan's failure to address Tonya Eslinger's claim as personal representative before filing the interpleader action also raises questions as to whether the interpleader was "necessary" to entitle the Plan to attorney's fees.

Additionally, the Plan argues that the *King* factors weigh in favor of awarding fees to the Plan. Docket No. 24, p. 18. But, the Supreme Court established in *Hardt* that a party must obtain "some degree of success on the merits" as a threshold issue before considering the *King* factors. 560 U.S. at 254. The Plan has not satisfied the threshold issue to require an analysis of the *King* factors.

Therefore, this Court recommends that the Plan's request for an award of attorney's fees be **DENIED**.

### III.     CONCLUSION

For the reasons set forth above, the undersigned recommends that Tonya Eslinger's Motion for Judgment on the Record be **GRANTED**. The Court recommends that an order be entered directing the distribution of the death benefit of Craig Eslinger to Tonya R. Eslinger as personal representative of the Estate of Craig Eslinger pursuant to 29 U.S.C. § 1132(a)(3) and 28 U.S.C. §§ 2201–02.

The undersigned recommends that neither party be awarded attorney's fees.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days

after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**